O. L. HOLLAR *v.* SOUTHERN BELL TELEPHONE AND TELE-GRAPH COMPANY.

(Filed 7 May, 1911.)

1. Negligent Burning — Master and Servant — Notice — Dangerous Conditions—Respondeat Superior.

The defendant telephone company occupied plaintiff's house as a tenant, and while thus occupied it caught fire and burned on 13 November.   In an action for damages for the loss alleged through defendant's negligence, it was competent, upon the issue of negligence and to fix defendant with the knowledge of the careless manner in which the lamp was used by its employees occupying the house, for the plaintiff to show by defendant's ex-manager that in August preceding they used the lamp on a bracket shelf close to a low pine ceiling, dangerous as to fire, and that the witness had told the employees not to do so.

2. Negligence—Evidence Circumstantial—Nonsuit.

Evidence in this case of a circumstantial character held sufficient upon motion to nonsuit.

APPEAL from *Long, J.,* at the February Term, 1911, of ALEXANDER.

Civil action, brought by plaintiff to recover damages from defendant for negligently setting fire to and burning the house of plaintiff, which was occupied by defendant as a tenant.

These issues were submitted:

1. Was the plaintiff's building destroyed by fire by the negligence of the defendant, as alleged in the complaint?   Answer: Yes.

2. What damage, if any, is the plaintiff entitled to recover of the defendant?   Answer: One thousand dollars.

From the judgment rendered the defendant appealed.

REID v. REES' SONS Co.

_J. H. Burke and L. C. Caldwell for plaintiff._
_W. D. Turner for defendant._

PER CURIAM. The record presents only two assignments of error.

1. A witness, Linto Lyon, former manager for defendant, was permitted to testify that in August preceding the burning of the house on 13 November, a large kerosene lamp was used by the defendant on a bracket shelf on the wall, close to a low pine ceiling; that it made the wall dangerously hot, and that he had instructed the operators not to use it there, but place it on the table.

We think this evidence was competent upon the first issue to prove negligence and to fix defendant with knowledge of the careless manner in which the lamp was used by its employees.

2. The other assignment of error is as to refusal to allow motion to nonsuit upon the ground that there is no sufficient evidence of the origin of the fire. While the proof is not direct and positive that the fire originated from the negligent placing of the lamp on the shelf and so close that it set the ceiling and wall on fire, yet there is circumstantial proof of that fact of sufficient probative force to fully justify the judge in submitting the question to the jury.

No Error.